cc: SOM

Mr. Francis Anthony Grandinetti, II
Hawaii SID# A-0185027 PSD-Inmate
FDC Mainland Branch, Federal Contracts
CCA-TCCF    Mr. Robert Parker, Warden
295 U.S. Highway 49 South / P.O. Box 368
H-1B #205 Segregation Unit - Hawaii Side
Tutwiler, MS 38963-5072

Plaintiff - Pro Se.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 25 2006

at 2 o'clock and 30 min. P M
SUE BEITIA, CLERK

In The United States District Court
For The District of Hawaii

| | |
|---|---|
| Francis Grandinetti II, #A90390, CCA Federal Contract Inmate; a.k.a, vs. United States Marshals Service, District of Hawaii (Agency); et al. (Class-Action) | No. 00-CV-0489 SOM<br><br>Rule 60(b) Motion<br>"Imminent Injury Case"<br><br>Honorable Susan Oki Mollway, presiding U.S.D.J. |

Pro Se Plaintiff's Fed.R.Civ.P. 60(B) Motion For An
Order To Vacate Closing of Case, And Enter In-
junctive Relief As To Federal Venue Claims

In this pro se civil rights case, filed pursuant to 42 U.S.C. §§ 1983, et seq., and Bivens Law, the plaintiff alleged that he was on U.S. federal transit by U.S. Marshals Service agents or their contractors, since December, 1995, to Ontario, California and Lubbock, Texas. BRG, CSC, and CCA are contractors for the U.S. Marshals Service at Hawaii and Texas. The plaintiff alleges that he was illegally seized, arrested, or smuggled out of Texas in November 1998. This is the plaintiff's first claim against the U.S. Marshals Service in Hilo or Honolulu, Hawaii.    "Claim I."    (See Exhibit #3.)

The second claim is that CCA and the several states, about ten, then sent him "joyriding" in circles all around the U.S., for no legitimate reason. Plaintiff was taken through Oklahoma, Missouri, Indiana, Illinois,

(1.)

Kentucky, Tennessee, Minnesota, Iowa, Arkansas, New Mexico, and Texas. He was then re-assigned to Arizona. However, Arizona twice deported him elsewhere, to Oklahoma in 2003, and to Mississippi in 2004. No legitimate basis exist for the federal detentions. The guards assaulted, maced, handcuffed, and threatened the plaintiff, as a U.S. agency. "Claim II."    (See Exhibit #2)

The third claim is that the plaintiff was taken to Mississippi, from 2004 to 2006, and used to test the federal laws out concerning Confederate Law, the Civil Rights Act of 1871, Black Rights law, MLK law, and Brown vs. Board of Education law. Plaintiff was handcuffed, beaten up, poisoned, taken to "Justice Court" twice; and unlawfully detained at CCA/TCCF, by federal agency, CCA, for the U.S. Marshals Service. "Claim III." (See Exhibit #3)

1. This Court, on Fed.R.Civ.P. 60(b) motion herein, shall prospectively re-open the case at bar, No. 00-cv-0489; and review Claims I and II, again, for de novo relief.  Mootness Doctrine law.

2. For Claim III, a Rule 60(b) motion was filed in 2004, at Florence, Arizona, seeking a stay on venue transfers to Oklahoma in 2003, and Mississippi in 2004. Both stays were denied, as to venue. These stays should be granted in full or part.  Newly discovered evidence.

3. For the federal Mississippi detention, 2004 to 2006, the venue and detention of the plaintiff shall be declared unlawful and void. For illegal venue, 28 U.S.C. §1406, and RICO civil claims.  Ongoing Cause of Action.

4. For a stay on current venue, at Mississippi, and an order and Hearing as to legal venue from Mississippi; Arizona or Colorado, or New Mexico or elsewhere with CCA, may be illegal venues; Hawaii is a legal venue.

5. Transfer or revocation of custody from PSD-Hawaii, to U.S. Marshals Service agency custody, as a sanction against the PSD-FAC Branch. Counsel appointment, by the Federal Public Defender is sought.
Dated: Tutwiler, MS, September 15, 2006.
28 U.S.C. §1746.

By: _____ #99390
Plaintiff, Pro Se

(2)