IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTE, II, | ) | CIV. NO. 00-00489 SOM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | ORDER DENYING THIRD MOTION TO VACATE FINAL ORDER PURSUANT TO FED. R. CIV. P. 60(B) |
| UNITED STATES MARSHALS SERVICE, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING THIRD MOTION TO VACATE FINAL
ORDER PURSUANT TO FED. R. CIV. P. 60(B)**

Pro Se Plaintiff Francis Grandinette II, has filed a third Fed. R. Civ. P. 60(b) motion. (See Docket No. 21.) The Court denies the motion for the following reasons.

### BACKGROUND

On July 17, 2000, Grandinette, a Hawaii state prisoner proceeding *pro se*, filed a document in this Court called "Motion for TRO, Preliminary and Permanent Injunctive Relief," which the Court construed as a complaint under 42 U.S.C. § 1983 and a motion for injunctive relief.[1]

---

[1] Grandinette's Petition raised three claims: (1) that the State of Hawaii placed a new detainer on him that (a) misspelled his name, and (b) was improperly served upon him by United States Marshals working undercover as Central Arizona Detention Center ("CADC") personnel; (2) that he received copies of the Haw. Rev. Stat. § 353 that he had not requested; and (3) that CADC obstructed his access to the courts when it improperly held onto his mail.

On August 1, 2000, the Court dismissed the complaint and action for four reasons: (1) the complaint failed to state a claim; (2) Grandinette had not stated a cause of action against the United States Marshal's Service; (3) this Court lacked jurisdiction over claims arising from Grandinette's confinement at CADC; and (4) Grandinette had not paid the filing fee for this action. Judgment was entered on August 17, 2000.

On March 12, 2001, Grandinette filed a "Motion to Amend or Clarify Order," which the Court construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). The Court denied the motion on May 1, 2001, finding that the seven-month delay in filing the motion was not reasonable, and that Grandinette failed to set forth facts or law to convince the Court to reverse its prior decision.

Grandinette filed a notice of appeal on August 6, 2001. On June 16, 2003, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the notice of appeal had not been timely filed or served.

On April 26, 2004, Grandinette filed a second Rule 60(b) motion, apparently seeking an order enjoining his transfer to a Mississippi prison, an order transferring him to CADC or to a federal detention center in Arizona, and an order enjoining the State of Hawaii from detaining, investigating, or prosecuting

2

him. On April 27, 2004, the Court denied the second Rule 60(b) motion.

More than two years later, on September 25, 2006, Grandinette filed the instant "Rule 60(b) Motion 'Imminent Injury Case' Pro Se Plaintiff's Fed. R. Civ. P. 60 (B) Motion for an Order to Vacate Closing of Case, and Enter Injunctive Relief as to Federal Venue Claims."

## DISCUSSION

Grandinette does not specify under which section of Fed. R. Civ. P. 60(b) that he seeks relief. A motion for relief from judgment based on a mistake, newly discovered evidence, or fraud shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b)(1-3). An appeal does not toll the one-year period. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). Thus, Grandinette's motion is too late under Rules 60(b)(1) to (3). As Grandinette does not allege that the judgment is void or has been satisfied, released, or otherwise discharged, Rules Rule 60(b)(4) and (5) are inapplicable.

The Court therefore construes the motion under Rule 60(b)(6). Motions for relief from judgment under Rule 60(b)(6), for "any other reason justifying relief from the operation of the judgment," are committed to the sound discretion of the trial court. *Maraziti v. Thorpe*, 52 F.3d 252, 253 (9th Cir. 1995);

3

*Blair v. Shanahan*, 38 F.3d 1514, 1517 (9th Cir. 1994).

A Rule 60(b)(6) motion, however, must be brought within a reasonable time. *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989). Thus, a party who files a Rule 60(b) motion after the time for the appeal has run must establish the existence of extraordinary circumstances that prevented or rendered him unable to prosecute an appeal. *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Relief will not be granted unless the moving party is able to show injury as well as circumstances beyond his control that prevented timely action. *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A Rule 60(b) motion must also demonstrate sufficient reason for a court to reconsider its prior decision, and must set forth facts or law of a strongly convincing nature for the court to reverse its prior decision. *Stein v. State Farm Mut. Auto. Ins. Co.*, 934 F. Supp. 1171, 1173 (D. Haw. 1996)(citing *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).

Apparently, Grandinette filed this new motion because he has recently been transferred from Mississippi to Arizona, and now seeks an order transferring him back to Hawaii, which he believes is the "legal venue," for his incarceration.

4

Grandinette sets forth no reason why he brings this motion six years after judgment was entered, and three years after his appeal was dismissed. The motion is untimely. Furthermore, Grandinette has filed essentially the same motion twice before, both of which were denied. As in his earlier motions, Grandinette has failed to set forth facts or law that convince this Court to reverse its prior decision to dismiss the complaint and action.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Vacate Final Order Pursuant to Fed. R. Civ. P. 60(b) is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; October 2, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*GRANDINETTE V. U.S. MARSHALS*, et al., Civ. No. 00-00489 SOM; ORDER DENYING THIRD MOTION TO VACATE FINAL ORDER PURSUANT TO FED. R. CIV. P. 60(B); dmp/Orders 06/ Grandinette 00-489 (recon 60(b))

5